**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cynthia Howard, | ) | No. CV-11-1216-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michael J. Astrue, | ) ) ) | |
| Defendant. | ) ) ) | |

The court has before it plaintiff's opening brief (doc. 13), defendant's response (doc. 16), and plaintiff's reply (doc. 17).

**I**

This case arises from a denial by the Social Security Administration of an application for disability benefits and supplemental security income filed by plaintiff on September 19, 2006, alleging a disability onset of September 1, 2005. The claim was denied initially and upon reconsideration. After a hearing on June 9, 2009, the administrative law judge (ALJ) issued a decision denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as

1 a whole, a reasonable person might accept as adequate to support a conclusion. Where the
2 evidence is susceptible to more than one rational interpretation, one of which supports the
3 ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

4 Plaintiff alleges disability due to the late effects of a stroke, degenerative disc disease, carpal tunnel syndrome, frequent headaches, neck and back pain, insomnia, anxiety, loss of balance, irritability, dizziness, double vision, hearing loss, depression, panic attacks, and memory loss. She claims that she can lift no more than 8 pounds, her sleep is poor due to pain, and she requires 2 naps each day. She tends to isolate herself, has crying spells, and a general loss of interest in normal activities.

The ALJ found that plaintiff has mood and anxiety disorders, fibromyalgia, bilateral carpal tunnel syndrome, migraine headaches, a history of stroke without residual effects, and a history of seizure activity, but that no impairment or combination of impairments meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ discounted plaintiff's subjective complaints of debilitating symptoms and concluded that plaintiff has the residual functional capacity to perform light work, reduced by lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking to 6 hours a day; unlimited pushing and pulling; no climbing ladders, ropes or scaffolds; occasional climbing, balancing and crawling; frequent stooping, kneeling, crouching, reaching, handling and fingering bilaterally; no concentrated exposure to extreme heat, fumes, odors, or other respiratory irritants; with the mental capacity to perform simple and detailed job tasks on a sustained basis with minimal social interaction. Based on vocational expert testimony, the ALJ found that plaintiff is capable of performing her past relevant work as an accountant, which is sedentary and skilled. Accordingly, the ALJ concluded that plaintiff is not disabled.

Plaintiff challenges that decision, arguing that the ALJ erred by discrediting her subjective complaints of limiting symptoms, by improperly weighing the medical source opinion evidence, and by failing to properly consider third-party reporting of plaintiff's mother.

**II**

Plaintiff first argues that the ALJ erred in failing to properly weigh her subjective complaints. The ALJ must first consider whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). Second, if there is no evidence of malingering, the ALJ must cite "specific, clear and convincing reasons" for disregarding reported symptoms. Id.

Here, the ALJ found that objective medical evidence could reasonably be expected to cause the alleged symptoms. Tr. 23. He concluded, however, that the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible. Id.

Regarding plaintiff's mental complaints, the ALJ stated that the medical record shows "some mild symptoms and limitations in social and occupational functioning." Id. The ALJ relied on medical expert testimony that plaintiff's mental condition improved with treatment at Terros, and "resulted in no more than mild restrictions in activities of daily living, moderate limitation in social functioning, mild limitations in concentration, persistence and pace, and no episodes of decompensation of an extended duration." Id. The ALJ further relied on a medical source statement by a treating source at Terros concluding that plaintiff "ha[d] no more than moderate limitation relating to other people, maintaining daily activities, responding appropriately to supervisors, coworkers and customary work pressures, and perform complex tasks." Tr. 23-24 (citing Tr. 997-100). The ALJ also relied on an evaluation by state agency psychologist, Shannon Tromp, PhD., who opined that claimant can manage her own finances, had no more than moderate limitations in her ability to complete a normal workday and workweek, with occasional marked limitations in her ability to get along with coworkers or peers. Tr. 24. The ALJ also noted that plaintiff is independent in self care, but requires help with heavy housework. Tr. 21.

Regarding plaintiff's physical complaints, the ALJ referred to a cervical spine MRI showing mild degenerative disc change at C4-5, with no evidence of disc herniation or

significant stenosis. Tr. 24. Progress notes showed an "immediate improvement" in plaintiff's wrist pain following the right carpal tunnel release treatment on January 11, 2007. Id. Her treating physicians noted that medication is somewhat effective for headache pain, Tr. 503, 599-600, and that headache frequency and severity had improved, Tr. 842.

We conclude that these findings are sufficiently specific, clear and convincing to support the finding that plaintiff's subjective complaints of disabling symptoms are not fully credible.

### III

Plaintiff next argues that the ALJ erred by improperly weighing medical source opinion evidence. Where a treating physician's opinion is not contradicted by another doctor it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

Dr. Walter, a licensed psychologist retained by plaintiff for a disability review, performed psychological testing and a clinical examination, and opined that plaintiff's impairments result in moderate to severe limitations in mental functioning and prevent her from working on a full-time basis. Tr. 1033-42, 1193. The ALJ discounted this opinion because it was based on a one-time evaluation and was inconsistent with multiple medical source opinions in the greater objective record which show mostly mild to moderate limitations in mental functioning. Tr. 24.

Dr. Tromp evaluated the plaintiff for the state agency and found that plaintiff had no significant limitations in her ability to perform activities within a schedule, maintain regular attendance, to sustain an ordinary routine without special supervision, and to maintain socially appropriate behavior; is moderately limited in her ability to respond appropriately to changes in the work setting, to complete a normal workday and workweek without interruptions from psychologically based symptoms, to interact appropriately with the public, accept instructions, respond appropriately to criticism from supervisors, and maintain attention and concentration for extended periods; and markedly limited in her ability to get along with coworkers or peers. Tr. 163-65. The ALJ accorded Dr. Tromp's opinion greater

1   weight since it was consistent with the greater objective medical record. Tr. 24.

2   We conclude that the ALJ provided clear and convincing reasons for assigning weight
3   to the medical source opinions.

**IV**

5   Finally, plaintiff argues that the ALJ erred in discounting the third-party testimony of
6   her mother. The ALJ reasoned that while the objective medical record shows that plaintiff's
7   impairments result in some restrictions, it fails to support the assertion that plaintiff is
8   disabled. Lay testimony is competent evidence of the severity of impairment and must be
9   considered unless the ALJ expressly determines to disregard it and gives reasons germane
10  to each witness for doing so. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

11  Plaintiff's mother's testimony is contradicted by her own testimony that plaintiff can
12  do light cleaning and laundry for 3 hours a day twice a week. In addition, the ALJ found
13  significant that plaintiff's mother's assertion that plaintiff cannot make her own meals is
14  contradicted by plaintiff's own statement that she always makes lunch and dinner for her
15  parents. Tr. 25 (citing Tr. 155).

16  We conclude that the ALJ provided relevant reasons for discrediting the testimony of
17  plaintiff's mother.

**V**

19  Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not
20  disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED**
21  **AFFIRMING** the decision of the Commissioner denying disability benefits.

22  **DATED this 4th day of October, 2012.**

*Frederick J. Martone*
Frederick J. Martone
United States District Judge